Baniex, Judge.
 

 The defendant caused to he issued against the plaintiff a States’ warrant for perjury. The plaintiff was arrested and carrried before a magistrate, who after examination, discharged him. The plaintiff has brought an action on the case, against the defendants, for a malicious prosecution. On the trial the defendants first objected, that the warant, from the face of it, did not charge the plaintiff with a perjury, and it ought not to be read as evidence against them. The Court overruled this objection, and the warrant was read. The defendants then introduced testimony with a view to show that they had probable cause to issue the said warrant. They proved that themselves and one
 
 Bolts
 
 had been indicted for a conspiracy, for having a man by the name of Hord.improperly arrested on a State’s warrant for larceny, ami defrauding the said
 
 Hord,
 
 by the conspiracy
 
 aforesaid, of bis
 
 property_ They proved that the plaintiff was introduced as a witness for the State, on the said indictment against them j that he gave his evidence in the case, wdiich they contend was different from the truth of the facts that actually occurred on the trial of the State’s warrant against"
 
 Hord,
 
 for the supposed larceny. The defendants introduced further testimony, showing how the transaction occurred for which they and
 
 Bolts
 
 had been indicted._ In this part of- the examination, sufficient appeared tq show that a conspiracy had taken place, and that
 
 Batts
 
 was one of the confederates. The plaintiff then pro
 
 *109
 
 posed to continue the examination, and prove all that occurred relative to the conspiracy. This was objected to. but admitted by the court. The plaintiff then proved what
 
 Botts
 
 did and said in the absence of the defendants, when he 33 ent to the house of
 
 Hard
 
 to get the money & note, as had been agreed upon by the conspirators the day before. There was a verdict for the plaintiff. The defendants moved for a now trial: First, because the court erred in deciding that the State’s warrant charged the plaintiff with the cióme of perjury; secondly, because the court admitted improper evidence to be introduced for the plaintiff. The motion was overruled, and judgment rendered for the plaintiff, from which the defendant appealed.
 

 The State’s warrant issued at the instance of the defendants against the plaintiff, states that he,
 
 Thomas Martin,
 
 has just cause to believe that
 
 J. E. Gabiness
 
 did take a false oath in Rutherford Superior Court at October Term 1826, before the judge, in a suit, the State against
 
 Thomas Martin
 
 and others for a conspiracy, the said
 
 Gabiness
 
 knowing the same to be false and corrupt. It appears to me, that the warrant sufficient ly charges a perjury to have been
 
 committed;
 
 and I think the court acted correctly in permitting it to ho read as evidence in the cause. Secondly, the evidence that went to prove the facts which constituted a conspiracy by the defendants and
 
 Botts,
 
 was mainly brought before the court by the defendants themselves. If this part of the evidence on this head, which was introduced by the plaintiffs, was irrelevant and immaterial, the defendants must recollect that they wore principally instrumental in having the facts that constituted the conspiracy, brought out in evidence. They cannot complain if the plaintiff introduced evidence afterwards, to give a full dcvelopcmcnt of that transaction. If the evidence of part of the facts which constituted the crime of a conspiracy by the defendants and Botts, could be considered proper evidence in the cause, either as intro-. duccd by the defendants to show probable cause, or by the plaintiffs to show malice in the defendants, the adverse part;y would have aright to give in evidence all
 
 *110
 
 the facts that occurred which went to complete the con» spiracy, or to show that it did not exist. The rule of jaw that after a confederation to do an illegal act ]ms been established, then the acts of one of the confedc-rates, in the absence of the others, in furtherance of the original illegal design, may be given in evidence against the others.
 
 (MacNally,
 
 611, 612 ) The case shows that
 
 Bolts,
 
 was a
 
 particej)S criminis
 
 in the conspiracy ; his acts in furtherance of the illegal design to get the property of JTord, was admissible in evidence against the defendants; and the declarations winch
 
 Bolts
 
 made, nse of when he took the money and note of
 
 fiord,
 
 were admissible as part of the
 
 res gestee;
 
 they show the
 
 quo animo
 
 that actuated him, in receiving the money and taking the note. (1
 
 Starkie, 49.)
 
 Upon reviewing the whole case, I think there is no ground for a new trial, and the judgment must be affirmed.
 

 Where a common design is propeL^s,t0fteVeact of one in the exe act of all, and so is his declaration explaining the
 

 Per Curiam — Judgment aemkmeb.'